**In re the Petition for DISCIPLINARY ACTION AGAINST Thomas P. LILJA, an Attorney at Law of the State of Minnesota.**

No. C5–90–545.

Supreme Court of Minnesota.

Oct. 2, 1990.

ORDER

On March 2, 1990, the Director of the Lawyers Professional Responsibility Board filed a petition with this court alleging that the respondent Thomas P. Lilja has committed professional misconduct warranting public discipline. Subsequently, on May 21, 1990, the Director filed a supplementary petition with this court alleging further misconduct by respondent. The Director alleges three separate counts of misconduct in these petitions, each of which describes one or more violations of the rules of professional conduct.

In count one, the Director alleges that respondent falsely identified himself to a police officer, used a false driver's license, drove while intoxicated after revocation of his driver's license, and violated the terms of his probation. In count two, the Director alleges that respondent, in the course of a disciplinary investigation, altered a court order and sent it to a district ethics committee investigator without providing an explanation for the obvious alteration, even though respondent, by altering the order, intended to correct a mistake contained in the order. In count three, the Director alleges that respondent submitted a false application for a driver's license, forged the signature of the alleged applicant on the driver's license application, falsely notarized the forged signature, and used the false driver's license on at least two occasions to improperly identify himself to police officers upon arrest.

After the petition had been filed, respondent entered into a stipulation for discipline with the Director. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 14, Rules on Lawyers Professional Responsibility. Respondent withdrew his answer to the March 2, 1990, petition for disciplinary action and unconditionally admitted the allegations of the petition. Respondent also withdrew his answer to the May 21, 1990, supplementary petition for disciplinary action and unconditionally admitted the allegations of the supplementary petition. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is indefinite suspension, with no right to petition for reinstatement for a period of at least 18 months. Respondent further agreed to the imposition and payment of $750 plus interest in costs and $168.70 plus interest in disbursements, pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Thomas P. Lilja, hereby is indefinitely suspended pursuant to Rule 15, Rules on Lawyers Professional Responsibility, and shall not be eligible to submit a petition for reinstatement for a period of at least 18 months from the date of this order.

2. That any future reinstatement is conditioned upon:

a. Respondent's compliance with Rule 26, Rules on Lawyers Professional Responsibility.

b. Respondent's successful completion of the professional responsibility examination pursuant to Rule 18(e), Rules on Lawyers Professional Responsibility.

c. Respondent's satisfaction of the continuing legal education requirements pursuant to Rule 18(e), Rules on Lawyers Professional Responsibility.

d. Respondent's submission of evidence of a chemical dependency evaluation by an evaluator acceptable to the Director, together with evidence of respondent's compliance with any recommendations made by the evaluator.

3. That the respondent shall pay to the Director the sum of $750 plus interest in costs and $168.70 plus interest in disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.